1
2
3
4 **UNITED STATES DISTRICT COURT**
5 **NORTHERN DISTRICT OF CALIFORNIA**
6 **SAN FRANCISCO DIVISION**
7

8  AVAILINK, INC.,

9                        Petitioner,

10      v.

11  TEXAS INSTRUMENTS, INC.,

12                        Respondent.

13

Case No. 25-mc-80119-EKL (PHK)

**ORDER DENYING MOTION TO COMPEL RE DOCUMENTS PURSUANT TO SUBPOENA ISSUED TO TEXAS INSTRUMENTS; ORDER GRANTING-IN-PART MOTION TO COMPEL RE DEPOSITION SUBPOENA**

Re: Dkt. 1

14  HDMI LICENSING ADMINISTRATOR, INC.,

15

16                        Plaintiff,

17      v.

18  AVAILINK, INC.,

19                        Defendant.

Related Case No. 22-cv-06947-EKL (PHK)

Re: Dkt. 149

20

21              **INTRODUCTION**

22      This matter was transferred to this Court by Order from the United States District Court for

23  the Northern District of Texas. *See* Dkts. 11-13. This matter is related to Case No. 22-cv-06947.

24  [Dkt. 15]. All discovery in that underlying case and in this miscellaneous action has been referred

25  to the undersigned.

26      Now pending before the Court is a dispute regarding a subpoena seeking both documents

27  and a Rule 30(b)(6) deposition which Availink issued to third party Texas Instruments ("TI").

28  [Dkt. 1]. The Court heard oral argument on this dispute on June 3, 2025, at the conclusion of

1  which the matter was submitted.  This Order memorializes the Court's directives at the hearing

2  and incorporates them by reference.

3  **LEGAL STANDARD**

4  With regard to the scope of discovery in federal civil actions, Federal Rule of Civil

5  Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged

6  matter that is relevant to any party's claim or defense and proportional to the needs of the case."

7  Information need not be admissible to be discoverable.  *Id.*  Relevancy for purposes of discovery

8  is broadly defined to encompass "any matter that bears on, or that reasonably could lead to other

9  matter that could bear on, any issue that is or may be in the case."  *In re Williams-Sonoma, Inc.*,

10  947 F.3d 535, 539 (9th Cir. 2020) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340,

11  350-51 (1978)); *see also In re Facebook, Inc. Consumer Privacy User Profile Litig.*, No. 18-md-

12  2843 VC (JSC), 2021 WL 10282215, at *4 (N.D. Cal. Sept. 29, 2021) ("Courts generally

13  recognize that relevancy for purposes of discovery is broader than relevancy for purposes of

14  trial.") (alteration omitted).

15  While the scope of relevance is broad, discovery is not unlimited.  *ATS Prods., Inc. v.

16  Champion Fiberglass, Inc.*, 309 F.R.D. 527, 531 (N.D. Cal. 2015) ("Relevancy, for the purposes

17  of discovery, is defined broadly, although it is not without ultimate and necessary boundaries.").

18  Information, even if relevant, must be "proportional to the needs of the case" to fall within the

19  scope of permissible discovery.  Fed. R. Civ. P. 26(b)(1).  The 2015 amendments to Rule 26(b)(1)

20  emphasize the need to impose reasonable limits on discovery through increased reliance on the

21  common-sense concept of proportionality: "The objective is to guard against redundant or

22  disproportionate discovery by giving the court authority to reduce the amount of discovery that

23  may be directed to matters that are otherwise proper subjects of inquiry.  The [proportionality

24  requirement] is intended to encourage judges to be more aggressive in identifying and

25  discouraging discovery overuse."  Fed. R. Civ. P. 26 advisory committee's note to 2015

26  amendment.  In evaluating the proportionality of a discovery request, a court should consider "the

27  importance of the issues at stake in the action, the amount in controversy, the parties' relative

28  access to the information, the parties' resources, the importance of the discovery in resolving the

United States District Court
Northern District of California

2

1    issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

2    Fed. R. Civ. P. 26(b)(1).

3           The party seeking discovery bears the burden of establishing that its request satisfies the

4    relevancy requirements under Rule 26(b)(1).  *La. Pac. Corp. v. Money Mkt. 1 Inst. Inv. Dealer*,

5    285 F.R.D. 481, 485 (N.D. Cal. 2012).  The resisting party, in turn, has the burden to show that the

6    discovery should not be allowed.  *Id.*  The resisting party must specifically explain the reasons

7    why the request at issue is objectionable and may not rely on boilerplate, conclusory, or

8    speculative arguments.  *Id.*; *see also Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir.

9    1975) ("Under the liberal discovery principles of the Federal Rules defendants were required to

10   carry a heavy burden of showing why discovery was denied.").

11          Federal Rule of Civil Procedure 45 permits a party to serve a subpoena on a nonparty

12   requiring, among other things, the production of "documents, electronically stored information, or

13   tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 41(a)(1)(A)(iii).

14   Rule 45 also permits a party to serve a subpoena on a nonparty commanding that nonparty to

15   attend and testify at a deposition.  *Id.*  Under Rule 30(b)(6), a deposition subpoena directed to an

16   organization "must describe with reasonable particularity the matters for examination."  The scope

17   of discovery allowed under a Rule 45 subpoena is generally the same as the scope of discovery

18   permitted under Rule 26(b).  *In re Subpoena to Apple, Inc.*, No. 5:14-cv-80139-LHK, PSG, 2014

19   WL 2798863, at *2 (N.D. Cal. June 19, 2014); *see* Fed. R. Civ. P. 45 advisory committee's note to

20   1970 amendment ("[T]he scope of discovery through a subpoena is the same as that applicable to

21   Rule 34 and the other discovery rules."); Fed. R. Civ. P. 34(a) ("A party may serve on any other

22   party a request within the scope of Rule 26(b).").

23          The Court has broad discretion and authority to manage discovery.  *U.S. Fidelity & Guar.*

24   *Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011) ("District courts have wide latitude

25   in controlling discovery, and their rulings will not be overturned in the absence of a clear abuse of

26   discretion."); *Laub v. U.S. Dep't of Int.*, 342 F.3d 1080, 1093 (9th Cir. 2003).  As part of its

27   inherent discretion and authority, the Court has broad discretion in determining relevancy for

28   discovery purposes.  *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005)

United States District Court
Northern District of California

3

1  (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)). The Court's discretion extends to

2  crafting discovery orders that may expand, limit, or differ from the relief requested. *See*

3  *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (holding trial courts have "broad discretion to

4  tailor discovery narrowly and to dictate the sequence of discovery"). For example, the Court may

5  limit the scope of any discovery method if it determines that "the discovery sought is unreasonably

6  cumulative or duplicative, or can be obtained from some other source that is more convenient, less

7  burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

## DISCUSSION

9  Availink issued the subpoena at issue to TI on March 27, 2025. [Dkt. 2-1]. The subpoena

10  seeks the production of certain documents and a Rule 30(b)(6) deposition on certain topics, set for

11  April 23, 2025. *Id.* The fact discovery deadline in the underlying case was April 25, 2025. [Dkt.

12  2-3 at 3]. TI served its objections to the subpoena on April 9, 2025. [Dkt. 2-5].

13  By telephone and correspondence between April 15-22, 2025, Availink and TI attempted

14  to resolve their disputes over the subpoena. [Dkt. 1 at 15]. Unable to reach resolution, Availink

15  filed the instant motion in the Northern District of Texas on April 23, 2025, styled as an

16  "Emergency Motion" and seeking expedited treatment. *Id.* at 14. TI filed its opposition brief on

17  April 24, 2025. [Dkt. 5]. Availink filed its reply later that same day. [Dkt. 7]. On May 2, 2025,

18  the Parties filed a joint status report in the Northern District of Texas indicating their agreement to

19  transfer this dispute to this District. [Dkt. 11]. The Northern District of Texas court issued its

20  Order transferring this dispute to this Court on May 13, 2025. [Dkt. 12]. This matter was

21  received and docketed in this Court on May 14, 2025. [Dkt. 13]. This matter was deemed related

22  to the underlying action and reassigned to the presiding District Judge on May 23, 2025. [Dkt.

23  23]. This matter was then referred to the undersigned on May 27, 2025.

24  **A.    SUBPOENA FOR DOCUMENTS**

25  The subpoena at issue here seeks certain agreements between TI and HDMI LA, as well as

26  correspondence between the two entities. [Dkt. 2-1 at 7]. At the June 3, 2025 hearing, Availink

27  admitted that HDMI LA produced sufficient documents in response to party discovery during

28  April which cover the categories of documents sought from TI. Availink accordingly withdrew

United States District Court
Northern District of California

4

the motion to compel production of any documents from TI.  As a result, the Court **DENIES AS MOOT** Availink's motion to compel the production of documents from TI.

### B.     DEPOSITION SUBPOENA

The remaining dispute is whether Availink's motion to compel a corporate deposition of TI should be granted.  The four topics in the deposition notice attached to the subpoena are the following:

---

**TOPICS FOR ORAL DEPOSITION**

1.     Any agreements between TI and HDMI LA from January 2021 to the present.

2.     Any disputes pertaining to any agreements between TI and HDMI LA from January 2021 to the present.

3.     TI's interpretation of any agreements between TI and HDMI LA.

4.     The resolution of any disputes between TI and HDMI LA from January 2021 to the present.

5.     Any correspondence between TI and HDMI LA from January 2021 to the present.

---

Dkt. 2-1 at 7.

TI lodged several objections to the deposition subpoena.  First, as a procedural matter, TI objects that the subpoena is unduly burdensome because it was served too late and set the deposition at a date which made it impossible to prepare and present a witness for the noticed date. [Dkt. 2-5 at 3].  TI also argued that the motion to compel should be denied because the fact discovery cutoff has passed.  [Dkt. 5 at 2-3].

These objections are **OVERRULED**.  First, as to timing issues, the subpoena was served before fact discovery closed.  Even if the noticed deposition date was unavailable, it is not uncommon in civil litigation for parties to agree to certain discovery to be taken after the formal deadline for fact discovery has passed, particularly to accommodate a witness's personal schedule. The fact that the Parties attempted to negotiate to resolve the dispute prior to the filing of the instant motion is also not to be faulted.  And any delay in the transfer of the motion to this Court is not a sufficient reason to deny the motion.  Second, at the hearing, TI admitted that the person who would likely be the Rule 30(b)(6) designee (because of their knowledge of the facts here) and who

United States District Court
Northern District of California

United States District Court
Northern District of California

1    is mentioned in their objections to the subpoena was no longer travelling and was generally

2    available.  TI admitted that there would be no substantial scheduling issues for a deposition,

3    particularly if it were to be held by Zoom for the witness's convenience.

4        TI also objected that the deposition topics are not relevant and are overbroad.  [Dkt. 2-5 at

5    2-3; Dkt. 5 at 4].  As to relevance, Availink argues that the Adopter Agreement at issue in this case

6    is a standard agreement which HDMI LA enters into with manufacturers such as Availink and TI;

7    that TI undertook a course of conduct under the Adopter Agreement which is consistent with

8    Availink's; that TI had a dispute with HDMI LA over that Adopter Agreement and, in that

9    dispute, TI apparently asserted to TI an interpretation of the Adopter Agreement which is relevant

10   to the interpretation of that agreement which Availink asserts in the underlying action; and that in

11   the settlement agreement which resolved the dispute between TI and HDMI LA, there are terms

12   which are relevant to Availink's contention that allegedly refute HDMI LA's contentions that the

13   manufacturers are treated in a non-discriminatory manner.  [Dkt. 1 at 12].

14       TI also objects that the deposition topics inherently seek the contents of attorney-client

15   privileged communications or advice ("TI's interpretation of any agreements between TI and

16   HDMI LA") and/or work product ("[t]he resolution of any disputes between TI and HDMI LA").

17   [Dkt. 2-1 at 2].  Availink argued at the hearing that the intention is to seek testimony on factual

18   matters which are not privileged, and described examples of such topics (without violating the

19   Protective Order) generally directed to TI's course of conduct under the agreements, verbal

20   contentions communicated by TI to HDMI LA concerning the interpretation of the Adopter

21   Agreement, and certain business terms and one specific product identified in the settlement

22   agreement between TI and HDMI LA.

23       To address and resolve the dispute over relevance and overbreadth, the Court **ORDERS**

24   Availink to serve on counsel for TI a letter which describes with particularity the factual, non-

25   privileged topics and questions for which Availink seeks Rule 30(b)(6) testimony from TI.  That

26   letter shall be served on or before **June 11, 2025**.  This listing of specific topics shall be

27   reasonably correlated to the more broadly phrased topics in the deposition notice, and shall not be

28   used as a basis to broaden the topics in the deposition notice.  TI shall reasonably prepare TI's

1   designated witness to testify on the listed topics, consistent with TI's duties under Rule 30(b)(6).

2        To further address TI's concerns about overbreadth and burden in preparing a witness, the

3   Court **ORDERS** that no later than five business days prior to the Rule 30(b)(6) deposition,

4   Availink **SHALL** serve on counsel for TI a copy of every document which Availink in good faith

5   expects to ask about or use as an exhibit at the upcoming deposition, correlating the documents to

6   the listed topics in the letter ordered above.  TI **SHALL** prepare their Rule 30(b)(6) designee(s) to

7   testify about any such timely served documents as correlated to the topics listed in the letter.  At

8   such deposition session, Availink **SHALL NOT** ask questions about any other specific documents

9   which were not served timely prior to the deposition session.

10       However, if any other counsel opens the door and questions TI's Rule 30(b)(6) designee

11  concerning any document (whether marked as an exhibit or not) which is not included in the

12  documents served pre-deposition by Availink, then Availink shall be entitled to question the

13  witness on re-cross about any such documents used as an exhibit or raised by that other counsel.

14  The time which Availink may spend on re-cross shall not count towards the time limits discussed

15  below and shall be equal to one-half of the time spent by counsel for any other party questioning

16  the witness on redirect.  Nothing in this ruling prohibits the Parties from reaching agreement on

17  allowing any Party to question TI's designated witness concerning any other document not served

18  timely pre-deposition.

19       As to the concerns about privileged matters, the Court incorporates especially its directives

20  at the June 3, 2025 hearing regarding not wasting time at the deposition attempting to elicit

21  testimony on clearly privileged matters or challenging and probing the  privilege objections.  At

22  the hearing,  Availink stated that the deposition is required for Availing to preserve testimony for

23  trial as to factual matters specifically within the knowledge of TI (and as to those matters,

24  Availink represented that HDMI LA witnesses expressed lack of detailed knowledge at their

25  depositions).  Availink also indicated that the deposition would be needed to authenticate TI

26  business records and lay the groundwork for addressing other admissibility objections.  In the

27  negotiations prior to the filing of the instant motion, counsel for TI offered to provide a stipulation

28  or affidavit to address such evidentiary issues.  Nothing in this Order precludes the Parties

1    (including HDMI LA) from reaching such agreement (or from reaching agreement as to

2    authenticity and admissibility of any documents generally), in order to minimize the time needed

3    for deposition.  It is not uncommon for parties to reach agreements as to admissibility of

4    documents, as part of their duties to efficiently litigate cases and streamline trial presentation.

5        At the hearing, counsel for Availink represented that they could complete the deposition

6    within three hours.  In light of Availink's description of the specific factual matters which are the

7    actual topics for the deposition and in light of counsel's representation, the Court **ORDERS** that

8    the Rule 30(b)(6) deposition of TI shall last no longer than three hours on the record in total.  The

9    Court reminds counsel for TI and HDMI LA of their obligations under Rule 30 not to make

10   speaking objections.  As discussed above, if counsel for any other party (including TI) asks

11   questions of the TI witness, Availink shall have time for re-cross questioning of the witness equal

12   to one-half the total time spent on the record by such other counsel and this re-cross time shall not

13   count against the three hour time limit set above.  In the exercise of its discretion to manage the

14   timing and scope of discovery, the Court sets this time limit to address TI's concerns about

15   overbreadth and burden.  The Court emphasizes its admonition to Availink to be efficient at the

16   deposition (particularly in light of this time limit) and to focus on the factual and non-privileged

17   matters Availink represented it will focus on.

18       Further, the Court **ORDERS** TI and Availink to meet and confer to finalize the schedule

19   for this deposition, and to complete those conferrals by **June 16, 2025**.  The deposition may be

20   taken either by Zoom (or other remote/virtual deposition vendor service) or in person, at the option

21   of TI which TI shall communicate as part of the meet and confer to set the schedule.  The

22   deposition **SHALL** be taken no later than **July 17, 2025**, absent further order of this Court.

23       As discussed at the hearing on this dispute, the Court is cognizant that fact discovery has

24   closed in the underlying case and expert discovery is about to close.  The Court is granting this

25   limited deposition as cleanup discovery, based on Availink's representations regarding the scope

26   and timing of discovery from HDMI LA.  As the presiding District Judge has made clear, the case

27   schedule will not change.  This limited deposition shall not be used as the basis for any argument

28   by either Party to request even more discovery, and this is not an opportunity for any Party to

United States District Court
Northern District of California

8

argue for a change to the case schedule.  Nothing in this Order makes any findings on or is intended to address any questions as to admissibility of any evidence in any later proceedings in this matter, or to address the substance of any of the Parties' contentions as to the ultimate merits of the underlying case.

**CONCLUSION**

As discussed above, under the applicable legal standards, the Court has broad discretion to manage discovery, including scheduling and timing issues.  In the full exercise of the Court's discretion, the Court accordingly **ORDERS** as follows:

1) Availink's motion to compel the production of documents in response to the subpoena is **DENIED AS MOOT** and accordingly the documents subpoena issued to Texas Instruments is **QUASHED** as discussed herein.

2) Availink's motion to compel a Rule 30(b)(6) deposition of Texas Instruments is **GRANTED-IN-PART** as discussed herein.

**IT IS SO ORDERED.**

Dated:  June 5, 2025

_____
PETER H. KANG
United States Magistrate Judge

United States District Court
Northern District of California

9